UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

---

CORNELIUS MARTIN II, 14137-055,

    Plaintiff,

-v-

The NIAGARA COUNTY JAIL, Sheriff BEILIN,
Major JOHN SAXTON, DR. HOHENSEE,
Nurse Practitioner CHRIS AIKEN,
DOE MEDICAL CORPORATION,
Nurse BECKY DOE, Sergeant DREHS, the
N.Y.S. COMMISSIONER OF CORRECTIONS,
the NIAGARA COUNTY ATTORNEY
and Corrections Officer WOOCK,

    Defendants.

DECISION AND ORDER
05-CV-0868Sr

---

## INTRODUCTION

Plaintiff, Cornelius Martin II, an inmate of the Atlanta Federal Prison Camp, filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No.5). Plaintiff subsequently filed a motion to compel (Docket No.3), an amended complaint (Docket No.6), and a motion to extend time to serve (Docket No.7). Plaintiff claims that the defendants, the Niagara County Jail, Sheriff Beilin, Major John Saxton, Dr. Hohensee, Nurse Practitioner Chris Aiken, Doe Medical Corporation, Nurse Becky Doe, Sergeant Drehs, the N.Y.S. Commissioner of Corrections, the Niagara County Attorney and Corrections Officer Woock, violated his rights when he was not administered narcotic medication that he had been prescribed for a serious medical condition, he was otherwise deprived of adequate medical care, he was denied reasonable accommodation of the facilities based on his medical condition, and that various defendants conspired to steal his

prescribed narcotics. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, his conversion claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.[1]

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that several of plaintiff's claims must be dismissed pursuant to 28 U.S.C.

---

[1] To the extent that plaintiff may have adequately stated a claim for violation of his right to reasonable accommodation of the facilities based on his medical condition, the claim against the Niagara County Jail is not dismissed at this time.

§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Conversion Claim

Plaintiff alleges that he has been deprived of his prescription medicine in violation of his Fourteenth Amendment right to due process and equal protection of the laws. It has long been held that:

> an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.

*Hudson v. Palmer*, 468 U.S. 517, 533 2d 393 (1984). New York provides such a remedy in § 52 of the New York County Law. Assuming that plaintiff was deprived of property within the meaning of the Fourteenth Amendment, the deprivation was not without due process of law because New York provides an adequate post-deprivation remedy. *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983). Plaintiff thus has an adequate remedy under state law and the claims regarding the conversion of plaintiff's property are hereby dismissed. Major Saxton, the Niagara County Attorney, and the N.Y.S. Commissioner of Corrections are dismissed as defendants. The other claims may go forward.

Motion to Compel

Plaintiff has filed a motion to compel. This request is premature, *see* Local Rules of Civil Procedure 26(d), which provides that "[e]xcept as otherwise stipulated to ... or ordered by the Court, formal discovery shall commence upon issue being joined in any case." Therefore, plaintiff is directed to serve the demand for discovery upon defendants' counsel after the answer has been served. However, because the information sought by

plaintiff may be necessary to properly serve one or more defendants, and the plaintiff risks missing the statute of limitations if he can only pursue the identities after service and the commencement of the discovery process[2], the Court will also direct defendant Sheriff Beilin to identify for plaintiff Nurse Becky Doe and Doe Medical Corporation as soon as possible after the complaint has been served.[3]

Motion for Extension of Time to Serve

Plaintiff has also filed a motion for extension of time to serve. Plaintiff's time to serve runs from the time of the Court's Order addressing its review of the complaint. Therefore, plaintiff is in need of no extension of the time for service under Rule 4 of the Federal Rules of Civil Procedure and the motion is denied as moot.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's conversion claim is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on the Niagara County Jail, Sheriff Beilin, Dr. Hohensee, Nurse Practitioner Chris Aiken, Doe Medical Corporation, Nurse Becky Doe, Sergeant Drehs and Corrections Officer Woock regarding the remaining claims.

---

[2] *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *opinion amended*, 74 F.3d 1366 (2d Cir. 1996).

[3] The Second Circuit Court of Appeals has determined that, even "[t]hough a court need not act as an advocate for pro se litigants, in pro se cases there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." Davis v. Kelly, 160 F.3d 917, 922 (2d Cir. 1998) (quoting Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (internal quotation marks omitted).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the conversion claim is dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Major Saxton, the Niagara County Attorney, and the N.Y.S. Commissioner of Corrections as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the Niagara County Jail, Sheriff Beilin, Dr. Hohensee, Nurse Practitioner Chris Aiken, Doe Medical Corporation, Nurse Becky Doe, Sergeant Drehs and Corrections Officer Woock without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that defendant Sheriff Beilin is directed to identify Nurse Becky Doe and Doe Medical Corporation as soon as possible after the complaint has been served;

FURTHER, that plaintiff's motion for an extension of time to serve is denied;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

Dated:   June 2, 2006
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge